# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LIVINGSTON PARISH GRAVITY                         CIVIL ACTION
DRAINAGE DISTRICT NO. 1

VERSUS                                            NO.: 15-68-JWD-RLB

WETLAND EQUIPMENT
COMPANY, INC.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 28, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIVINGSTON PARISH GRAVITY DRAINAGE DISTRICT NO. 1** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 15-68-JWD-RLB** |
| **WETLAND EQUIPMENT COMPANY, INC.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 6). Plaintiff has filed a Reply. (R. Doc. 11). For the following reasons, the undersigned recommends that Plaintiff's motion be denied.

### I.    Background

On September 4, 2013, Livingston Parish Gravity Drainage District No. 1, a political subdivision of the State of Louisiana, ("Plaintiff") purchased a "piece of amphibious equipment" from Wetland Equipment Company, Inc. ("Defendant"). (R. Doc. 1-1 at 2). Plaintiff learned that the equipment did not properly float when it flipped in a canal on February 23, 2014. (R. Doc. 1-1 at 2). On December 15, 2014, Plaintiff filed suit in the 21st Judicial District Court for Livingston Parish, Louisiana, alleging that the purchased equipment had "a non-apparent defect due to improper design and/or improper assembly." (R. Doc. 1-1 at 2). Plaintiff states that it would not have purchased the equipment had it known at the time of purchase that it would not float. (R. Doc. 1-1 at 2). Plaintiff alleges claims in redhibition and negligence. (R. Doc. 1-1 at 3). In addition to the purchase price of the equipment (which is not alleged in the Petition), Plaintiff seeks to recover the following damages: property damage, towing expenses, incurred

wear and tear on existing machine, loss of productivity, increased personnel expense, other damages and expenses to be shown at trial, litigation costs, and attorney's fees. (R. Doc. 1-1 at 3).

On February 11, 2015, Defendant removed the action asserting that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In the Notice of Removal, Defendant states that it the parties are diverse because Defendant is a citizen of Delaware and Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 2). Defendant states that the Petition "indicates an amount in controversy that exceeds the federal jurisdictional amount, exclusive of interest and costs. . . ." (R. Doc. 1 at 2).

On February 11, 2015, within thirty days of removal, Plaintiff filed the instant Motion to Remand claiming that the removal was untimely. (R. Doc. 4).

## II.    Arguments of the Parties

Plaintiff seeks remand on the basis that Defendant removed the instant action more than 30 days after it received a copy of the initial pleadings. (R. Doc. 4-1 at 1). Because Defendant removed the action 45 days after it was served with the Petition, Plaintiff claims that removal was untimely pursuant to 28 U.S.C. § 1446(b). (R. Doc. 4-1 at 1-2). In its Reply, Plaintiff states that because it "was facially apparent that the case was removable" based on the language in the Petition, Defendant had to remove within 30 days after being served the Petition. (R. Doc. 11 at 1). Plaintiff further argues that although it granted Defendant an extension in state court to file a responsive pleading to its Petition, it did not and could not grant an extension of time to remove pursuant to federal law. (R. Doc. 11 at 2).

In Opposition, Defendant does not dispute that its removal of the action was 45 days after it was served the Petition. (R. Doc. 6 at 2). Instead, Defendant argues that given the circumstances under which it was provided an extension to respond to the Petition, Plaintiff is "estopped from arguing that the removal action was untimely." (R. Doc. 6 at 2-3). In other words, Defendant argues that Plaintiff waived any objection to the 30 day time period to remove after receipt of the initial pleading because Plaintiff granted an extension to respond to the Petition. (R. Doc. 6 at 3-4). Defendant argues that the court should retain jurisdiction over this matter despite the procedural bar on removal because diversity jurisdiction is established pursuant to 28 U.S.C. § 1332, and it would be unfair and unjust to remand the action in light of the circumstances. (R. Doc. 6 at 4-5).

## III. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

. . .

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Although much of the briefing by the parties pertains to whether the initial 30 day removal period can be waived or extended by agreement of the parties, or whether Plaintiff can be estopped from challenging the removal on procedural grounds, the threshold issue in the instant case is whether, as Plaintiff argues, the initial 30 day period was even triggered with the service of the Petition. With regard to applying the 30 day time period to removal from the defendant's receipt of the initial pleading, as provided in § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).

Pursuant to *Chapman*, if a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. Such a statement would provide notice to defendants that the removal clock had been triggered, but

would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts.

In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims in order to trigger the time limit for filing the notice of removal. Consistent with this language in *Bosky,* some district courts, including at least one opinion from this district, considered whether the damages in the initial pleading were "facially apparent" in determining whether the 30 day period of removal was triggered. *See Cupit v. Wal-Mart Stores*, No. 10-668, 2011 WL 1211484, at *5 n.4 (M.D. La. March 31, 2011) (noting that district courts are split in their interpretations and applications of *Chapman/Bosky* and that, at the time of that opinion, the Fifth Circuit had not revisited that discussion).[1]

In 2013, the Fifth Circuit provided additional guidance on this issue and specifically addressed the application of *Chapman* and the aforementioned uncertainty recognized by the district courts. In *Mumfrey v. CVS Pharmacy, Inc.*, a subsequent panel criticized the portion of *Bosky* suggesting that anything short of the "bright line" rule could trigger the initial removal time period, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as "a line that has become the source of significant

---

[1] Although not addressed in the *Cupit* opinion, to the extent *Bosky* could have been read as overruling or abrogating *Chapman*, it is not clear that the three-judge panel had the authority to do so. *See Capturion Network, LLC v. Daktronics, Inc.*, No. 08-232, 2009 WL 1515026, *6 (S.D. Miss. May 29, 2009) (noting that courts in this circuit find themselves between the proverbial rock (*Chapman*) and hard place (*Bosky*) but that *Chapman's* clear requirement remains controlling as the earlier opinion (citing *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001)).

confusion"); *see also Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, *3 (W.D. La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

In the instant matter, Plaintiff argues that it was "facially apparent" in the initial pleading that the case was removable and thus the motion to remand is untimely. (R. Doc. 11). This argument was specifically rejected in *Mumfrey*. The court distinguished the "amount dispute" analysis used to determine whether remand should be granted because the jurisdictional amount was not facially apparent or otherwise had not been proven, versus a "timeliness dispute," such as the one at issue in this case. *See Mumfrey*, 719 F.3d at 400. The facially apparent inquiry urged by the Plaintiffs is not the standard for triggering the 30 day removal period. *Clark*, 2014 WL 458220, *4 ("*Mumfrey*, therefore, makes it perfectly clear that the 'facially apparent' inquiry is applicable only to 'amount dispute' cases, and not to timeliness cases."); *Quest v. Church Mut. Ins. Co.*, No. 13-4872, 2013 WL 6044380, *2 (E.D. La. Nov. 13, 2013) ("Application of the facially apparent test to timeliness cases was specifically rejected by the Fifth Circuit in *Mumfrey*, and is similarly rejected here").[2]

The court now turns to the Petition in this case to determine whether Plaintiff has complied with *Chapman's* rule that if a plaintiff "wishes the thirty-day period to run from the defendant's receipt of the initial pleading, [plaintiff should] place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d

---

[2] *Mumfrey* also recognized that a defendant *may* be able to remove a case immediately upon service of the initial pleading, even one that does not satisfy *Chapman's* bright line rule, assuming that the defendant could prove that the amount in controversy is satisfied. Such an initial pleading, however, does not start the clock such that a defendant was required to remove within 30 days. *Mumfrey*, 719 F.3d at 400 n.13; *Quest*, 2013 WL 6044380, at *2 ("if a defendant can discern from a pleading that over $75,000 is at issue, and the court agrees, the case may be removed," but that facially apparent inquiry has no application in timeliness cases).

at 163. Plaintiff has not done so in this case. The dispute in this matter concerns damages related to the purchase of a faulty piece of amphibious equipment. Plaintiff seeks return of the purchase price, as well as other damages incurred as a result of the defective equipment. (R. Doc. 1-1 at 3). There is nothing in the Petition to indicate the purchase price or the amount of any related damages. No monetary amounts are provided and there is no specific allegation that the damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action was not triggered by service of the Petition.[3] Defendant's removal, therefore, was not untimely.

## IV. Conclusion

Based on the foregoing, Defendant's removal of this action was timely pursuant to 28 U.S.C. § 1446(b)(1). The court should retain subject-matter jurisdiction over this action.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 4) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 28, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The court has little doubt that the Defendant knew, at the time of service of the Petition, that the amount in controversy was in excess of $75,000, and neither party questions that all of the requirements of jurisdiction are present, including diversity of citizenship. Indeed, the Status Report filed by the parties explains that the purchase price of the amphibious vehicle was $227,500 (R. Doc. 9 at 3) and Plaintiff acknowledges that the jurisdictional amount is "facially apparent." (R. Doc. 11). This type of subjective inquiry, however, is precisely what the Fifth Circuit has instructed the court to avoid. *Chapman*, 969 F.2d at 163 ("We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know."). The rule also promotes efficiency in that defendants are not required to "remove prematurely" in a case where the initial pleading does not affirmatively reveal that the amount in controversy is in excess of the jurisdictional amount, so as to be sure "that they do not accidentally waive their right to have the case tried in federal court." *Id.*