UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIVINGSTON PARISH GRAVITY            CIVIL ACTION
DRAINAGE DISTRICT NO. 1

VERSUS

WETLAND EQUIPMENT                    NO.: 15-00068-BAJ-RLB
COMPANY, INC.

### RULING AND ORDER

Before the Court is a motion for summary judgment filed by Wetland Equipment Company, Inc. ("Defendant"). (Doc. 22). The Livingston Parish Gravity Drainage District No 1. ("Plaintiff") has filed a response. (Doc. 27). For the following reasons, Defendant's motion is **DENIED**.

I. Background

This matter arises from Defendant's sale of an amphibious excavator to Plaintiff on September 4, 2013. The excavator navigated on tracks that also functioned as pontoons, which allowed it to traverse water to reach and work in marshy areas. Rather than a bucket, the excavator was fitted with a cutter to cut through trees and growth. On Thursday, February 20, 2014, the excavator was taken to Colton Creek and operated for a day on marshy ground without incident. The excavator was then left tethered to a tree. Later, on Sunday, February 23, 2014, the machine was discovered cap-sized and floating upside down, with water in the creek having risen substantially since the excavator was first brought to the site. Plaintiff filed suit in state court on December 15, 2014 asserting that: 1) Defendant was

negligent for, *inter alia*, failing to properly instruct it regarding the product; 2) the excavator suffered from redhibitory defects; and 3) the excavator was not fit for its intended purpose.[1] (Doc. 1-1 at ¶¶ 7—11). Discovery has closed and Defendant filed the instant motion for summary judgment.

## II. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir.1997).

After a proper motion for summary judgment is made, the non-movant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At this stage, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991), *cert. denied,* 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving

---

[1] Plaintiff's complaint asserts that the excavator was "not fit for its intended purpose" without specifically referencing La.C.C. art. 2524. (Doc. 1-1 at ¶ 8). *See Cunard Line Ltd. Co. v. Datrex, Inc.*, 2005-1171, p. 6 (La.App. 3 Cir. 4/5/06); 926 So.2d 109, 113 (distinguishing between the warranty against inherent vices or defects and the warranty of fitness for ordinary use and/or for a particular use or purpose). Plaintiff does, however, reference La.C.C. art. 2524 in its response to Defendant's motion. (Doc. 27 at p. 4).

party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.* at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (internal quotations omitted). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer,* 455 F.2d 1236, 1241 (5th Cir.1972).

### III. Discussion

Relative to its redhibition claim, Plaintiff must prove that the excavator contained a vice or defect at the time of the sale which was not apparent by ordinary inspection, and which subsequently rendered it useless or so inconvenient that it must be presumed that Plaintiff would not have purchased it had Plaintiff known of the vice or defect. La.C.C. art. 2520; *Jofforion v. LeGlue Buick, Inc.*, 399 So.2d 762 (La.App. 3rd Cir. 1981).

Defendant draws the Court's attention to an instruction manual that Plaintiff received that warns against working the excavator while it is in a "floating attitude."

(Doc. 22-2 at pp. 2—3, 6—7; Doc. 22-3 at p. 3). The same manual also instructs that the "proper floating attitude" for the excavator is with its boom in a center position between the machine's pontoons. (Doc. 22-2 at p. 7; Doc. 22-3 at p. 8). Defendant asserts that the excavator was left in Colton Creek with its boom thirty to forty-five degrees off center in contravention of clear instructions, and that damage to the machine was the result of a characteristic of the excavator that was known by Plaintiff at the time it purchased the excavator. (Doc. 22-1 at ¶ 9; Doc. 22-6 at pp. 42—43; Doc. 22-12 at p. 31). Defendant further asserts that the excavator was used effectively on February 20, 2014, and that it floated after the incident when the boom was in a center position, thereby indicating that it was not "useless" or "inconvenient" to use. (Doc. 22-6 at pp. 25—26; Doc. 22-12 at p. 44).

While product warnings may defeat a claim in redhibition under certain circumstances, *see Johnson v. CHL Enterprises*, 115 F. Supp.2d 723, 728—729, Plaintiff has created a factual dispute as to whether it knew or should have known about restrictions on the angle of the boom in light of verbal representations purportedly made by Defendant, (Doc. 27-4 at pp. 2—6; Doc 27-2 at p. 2; Doc. 22-12 at pp. 16—20). Furthermore, a genuine dispute of material fact exists as to whether the excavator was built according to specification, (Doc. 27-6 at pp. 2—3; Doc. 27-5 at p. 1), and whether deviations from such specifications affected its stability. Accordingly, genuine issues of material fact are in dispute that prevent summary judgment on Plaintiff's redhibition claim.

Defendant has not distinguished between Plaintiff's theories of recovery, *i.e.* redhibition, La.C.C. art. 2520, from general negligence principles, La.C.C. art. 2315, and the warranty of fitness, La.C.C. art. 2524. Defendant is therefore not entitled to summary judgment on these two distinct theories of recovery.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Doc. 22)** is **DENIED**.

**IT IS FURTHER ORDERED** that the parties appear on **Thursday, June 30, 2016 at 2:00 p.m.** for a hearing on Defendant's motions in limine (Docs. 20 and 21), which seek to exclude and/or limit the testimony of two of Plaintiff's expert witnesses.

Baton Rouge, Louisiana, this 20th day of April, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

5